419 P.2d 400

**Wendell T. DECKER and Oleta E. Decker, husband and wife et al., Appellants,**

v.

**CITY OF TUCSON, a municipal corporation et al., Appellees.**

**No. 2 CA–CIV 316.**

Court of Appeals of Arizona.

Oct. 20, 1966.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by D. Thompson Slutes, Tucson, for appellants.

Gordon S. Kipps, City Atty., Tucson, for appellee City of Tucson.

Goddard, Gin, Hanshaw & Gianas, Tucson, for other appellees.

KRUCKER, Chief Judge.

The appellants, plaintiffs below in a suit "for declaratory relief and to quiet title", have taken this appeal from a "judgment" entered below granting a motion for summary judgment to "certain answering defendants". .

We find, however, that the purported judgment from which this appeal is taken lacks the finality prerequisite to our jurisdiction of the appeal. The appellate powers of this court are circumscribed by the provisions of A.R.S. § 12–2101, as amended, which permits appeals to this court from a *final* judgment entered in a superior court action or special proceeding.

It is necessary to summarize briefly the procedural aspects of this litigation below which culminated in the subject "judgment". In 1964, plaintiffs filed suit against the. City of Tucson and numerous individuals. and corporations, seeking primarily to have plaintiffs' real property declared free of certain conditions and restrictions imposed by a prior recorded declaration of restrictions and amendments thereto. The City filed its own responsive pleading and a large number of the other named defendants joined in a separate response to the complaint. In March 1966, the answering defendants filed a motion for summary judgment which recited in pertinent part:

"The answering Defendants move the Court that it enter, pursuant to *Rule 56* of the *Rules of Civil Procedure,* a Summary Judgment in Defendants' favor denying the relief prayed for by Plaintiffs in their Complaint. * * *" (Emphasis in original)

After hearing argument on the motion and opposition thereto, the trial court, on April 14, 1966, ordered, by minute entry, that the motion for summary judgment was granted and that counsel prepare judgment.

The formal signed judgment, entered May 13, 1966, recites as follows:

"This case having come on to be heard on motion of certain answering defendants for a summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, and the Court having considered the pleadings in the action, the affidavits in support of said motion, the deposition of the plaintiff Claude C. Simmonds, the exhibits and the matters previously adjudicated in Decker; et al. v. Hendricks; et al, 97 Ariz. 36, 396 P.2d 609, the Court

having heard the arguments of counsel and due deliberation having been had thereon, and the Court having concluded that said defendants are entitled to judgment as a matter of law, it is hereby

### ORDERED

"That said defendants' motion for summary judgment be, and the same is hereby, granted."

■ Although we note that the formal document signed by the trial judge is entitled "Judgment", the finality of a judgment, decree or order for purposes of appeal depends upon its substance or effect rather than the name given to it. 4 C.J.S. Appeal and Error § 94(b).

The very language of Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S. indicates that something more was contemplated than a ruling on a motion for summary judgment.

Pertinent portions of the rule provide as follows:

Rule 56(c), as amended:

"The judgment sought shall be rendered forthwith * * *"
and

"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone * * *"

Rule 56(d):

"If on motion under this Rule judgment is not rendered on the whole case * * *"

Rule 56(e), as amended:

"If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ It would thus appear that a motion for summary judgment pursuant to Rule 56 and the consequent ruling thereon are preliminary steps in the accomplishment of the ultimate aim, i. e., a judgment in favor of the moving party which clearly fixes the rights and liabilities of the respective parties and determines the controversy at hand in order to discourage unnecessary future litigation. Cf. Solana Land Co. v. Murphey, 69 Ariz. 117, 122, 210 P.2d 593 (1949); State v. Birmingham, 96 Ariz. 109, 112, 392 P.2d 775 (1964).

Conceivably a formal signed order granting a motion for summary judgment might have the requisite finality for appeal purposes when the substance of the order has the effect of adjudicating the rights and liabilities of the litigants. As pointed out by the Supreme Court of the United States, "the requirement of finality is to be given a 'practical rather than a technical construction.'" Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L. Ed.2d 199, 203 (1964).

We do not believe the present case qualifies as a marginal case within the "twilight zone" of finality, described in *Gillespie,* supra, to justify acceptance of this appeal. The subject "judgment" merely grants to "certain answering defendants" their motion for summary judgment and leaves unresolved the questions: (1) against whom? and (2) as to what?

■ A final judgment or decree decides and disposes of the cause on its merits, leaving no question open for judicial determination. Brown v. Mitchell, Fla.App., 151 So.2d 305 (1963). We hold, therefore, that the subject "judgment" is not final and, therefore, is not appealable.[1] Brown v. Mitchell, supra; Arnold v. Brady, Fla.App., 178 So.2d 732 (1965); Saunders v. New Capital for Small Businesses, Inc., 231 Cal. App.2d 324, 41 Cal.Rptr. 703, 705 (1964); Cashion v. Bunn, 149 F.2d 969 (9th Cir.

---

1. The instant case is distinguishable from Mageary v. Hoyt, 91 Ariz. 41, 369 P.2d 662 (1962) which involved an appeal from a summary judgment. The lower court proceedings consisted of a motion for summary judgment being granted and entered by the clerk. The *Mageary* case, however, was governed by Rule 58(a) prior to its amendment in 1961, which did not require a judgment to be in writing but merely required entry by the clerk upon receipt of the direction of the court. The present Rule 58(a) requires no direction of the court apart from the signing of the order, and filing thereof with the clerk constitutes the entry of judgment.

1945); See also Wright v. Gibson, 128 F.2d 865 (9th Cir. 1942); United States v. State of Arizona, 206 F.2d 159 (9th Cir. 1953); A.R.S. § 12–2101, subsec. B.

For the reasons expressed, the appeal is dismissed.

HATHAWAY, and MOLLOY, JJ., concur.