423 P.2d 732

**Joseph P. CONNOLLY, a minor by his guardian ad litem, Margaret Connolly, Joseph A. Connolly and Margaret Connolly, husband and wife, Appellants,**

v.

**GREAT BASIN INSURANCE COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 222.**

Court of Appeals of Arizona.

Feb. 10, 1967.

118

Sidney Weissberger, Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellants.

Spaid, Fish, Briney & Duffield, by William Spaid, Tucson, for appellee.

KRUCKER, Judge.

The appellants (plaintiffs below) filed suit against the appellee insurance company and the Home Indemnity Company, seeking a declaratory judgment as to the respective rights and duties of the plaintiffs and the defendants and as to the rights and obligations, by virtue of certain insurance policies, with regard to claims arising out of an accident therein described. In the course of the proceedings, the appellee filed a motion for summary judgment which was duly granted and a "judgment" entered thereon, from which this appeal was taken.[1]

---

1. The appeal additionally seeks review of the order of the trial court denying appellants' motion for production and inspection of certain insurance documents.

This case has been fully briefed and argued to the court and the appellee has not raised the question of the appealability of the subject "judgment". However, as we have repeatedly stated, this court has a duty, on its own motion, to inquire into its jurisdiction to entertain an appeal. Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966); Ginn v. Superior Court, in and for County of Pima, 1 Ariz. App. 455, 404 P.2d 721 (1965); Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965); Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965). Although it is regrettable that a possible loss of time may be sustained by these litigants, we are of the opinion that this appeal is premature and must be dismissed.[2]

The provisions of A.R.S. § 12–2101, as amended, set forth the specific orders and judgments from which an appeal may be taken to this Court, and in particular:

"B. From a *final* judgment entered in an action or special proceeding commenced in a superior court * * *." (Emphasis added)

Appeals prior to the final disposition of the entire case may be taken only in the case of an interlocutory order made appealable by statute or in the case of a judgment which accords with the requirements of Rule 54(b) as amended, Arizona Rules of Civil Procedure, 16 A.R.S. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 45, 365 P.2d 208 (1961).

In this appeal the action involved multiple parties. The granting of summary judgment to the appellee left pending the adjudication of the rights and duties between the appellants and Home Indemnity Insurance Company. Therefore, the action became controlled by Rule 54(b) which provides in pertinent part:

" * * * when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the * * * parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all * * * the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the * * * parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all * * * the rights and liabilities of all the parties."

The express "determination" and "direction" mandated by the foregoing rule is a prerequisite for appeal where there are multiple parties. Rail N Ranch Corporation v. State, 4 Ariz.App. 301, 419 P. 2d 742, 743 (1966); Pegler v. Sullivan, 4 Ariz.App. 149, 418 P.2d 395, 396 (1966); Mageary v. Hoyt, 91 Ariz. 41, 43, 369 P.2d 662 (1962). We find no such express "determination" and "direction" in the record before us and perforce conclude that the subject judgment is not final within the meaning of A.R.S. § 12–2101, hence not appealable.

Apart from the foregoing conclusion that this "judgment" is interlocutory, we have grave doubts as to the efficacy of the judgment as rendered. As we recently stated in Decker v. City of Tucson, 4 Ariz. App. 270, 419 P.2d 400, 402 (1966):

"It would thus appear that a motion for summary judgment pursuant to Rule 56 and the consequent ruling thereon are preliminary steps in the accomplishment of the ultimate aim, i. e., a judgment in favor of the moving party which clearly fixes the rights and liabilities of the respective parties and determines the controversy at hand in order to discourage unnecessary future litigation."

---

2. The question involved is not of such public importance as that in State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964), wherein the Supreme Court of Arizona declined to order an appeal dismissed for lack of the formal requisite of finality under Rule 58(a).

■ It is true that the formal document from which this appeal was taken bears the title of "Judgment". Its name, however, does not determine its finality for purposes of appeal but rather its substance or effect. Decker v. City of Tucson, supra; 4 C.J.S. Appeal and Error § 94(b).

As previously mentioned, appellants sought a declaratory judgment. Their complaint alleged in part:

"*An actual controversy has arisen* and now exists between the plaintiffs and defendants *relating to the legal rights and duties of the parties* under and by virtue of said contracts of insurance by reason of their respective policies of insurance *arising out of the said accident* hereinbefore described." (Emphasis added)

However, there is no specification in the complaint of the nature of this "actual controversy". The prayer for relief requested:

"That this Court make and enter a declaration of the respective rights and duties of plaintiffs and defendants, one to the other and *to all those deriving rights and obligations arising out of and by virtue of the aforesaid insurance policies* pertaining to the claims out of the accident described in this complaint." (Emphasis added)

The appellee, in its second amended answer filed, admitted execution of an insurance policy to Joseph P. Connolly, disclaimed coverage in "a fact situation such as the one with which we are dealing" and requested:

" * * * that the Court make and enter a Declaration and Order that there is no coverage under its policy of insurance [appellee's] which is referred to in the Complaint."

The "judgment" recited in pertinent part:

"IT IS THEREFORE ORDERED that the Motion for Summary Judgment of the Defendant Great Basin Insurance Company, a corporation, be and the same is hereby granted; that the plaintiffs, Joseph P. Connolly, a minor, by his guardian ad litem, Margaret Connolly; Joseph A. Connolly and Margaret Connolly, take nothing by their Complaint and that said defendant have judgment for its costs herein incurred."

In Black v. Siler, 96 Ariz. 102, 392 P.2d 572 (1964), we find the following definition:

"A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself * * *."

In Solana Land Co. v. Murphey, 69 Ariz. 117, 122, 210 P.2d 593 (1949), we find the following statement relative to the sufficiency of a judgment:

"A judgment or decree should be definite and certain in itself, or capable of being made so by proper construction. It should fix clearly the rights and liabilities of the respective parties to the cause, and be such as the parties readily may understand it, *and determine the controversy at hand in order to discourage unnecessary future litigation.*" (Emphasis added)

■ The Uniform Declaratory Judgments Act as enacted in Arizona, A.R.S. § 12–1831 et seq., empowers courts of record to declare rights, status and legal relations under written contracts and authorizes courts to refuse to render a declaratory judgment where such judgment, if rendered, would not terminate the uncertainty or controversy giving rise to the declaratory relief proceeding. We do not construe the declaration that "the plaintiffs take nothing by their complaint" to constitute a refusal to render a declaratory judgment but rather a decision against the plaintiffs on the merits. Dyas v. Dyas, 165 S.W.2d 317, 322 (Mo.App.1942).

■ It is not essential that the judgment comply with certain formal requisites so long as the court actually determines the issues raised by the pleadings. 22 Am.Jur. 2d Declaratory Judgments § 99. In the

*Dyas* case, supra, the Missouri court deemed a judgment "that plaintiff take nothing by reason of his petition" was sufficiently certain so as to advise plaintiff of his rights. Since the plaintiff's petition set forth his contention as to the construction he sought with regard to a will, the general finding was deemed equivalent to a declaration that the plaintiff was not entitled to the construction contended for in the petition.

We cannot say, in the instant case, that reference to the pleadings elucidates "plaintiffs take nothing by their complaint" so as to supply the issues adjudicated in favor of appellee. Referring to pertinent portions of the complaint, we note the following allegations:

(1) issuance of an insurance policy by appellee to the minor plaintiff,

(2) an automobile accident which occurred while one Donaldson was operating the purportedly insured vehicle,

(3) injuries to the minor plaintiff and one Donna Morrison, passengers in the vehicle, and

(4) Donna Morrison's assertion of claims against plaintiffs Joseph A. Connolly and Margaret Connolly, parents of the insured minor plaintiff.

The answer of the appellee denied coverage in this "fact situation". These pleadings do not point up the controversy which was resolved in favor of appellee. If this judgment were to stand, among the areas of possible future conflict are the following:

Does the "judgment" settle liability for all claims *against* the minor plaintiff arising out of this accident?

Are claims *by* the minor plaintiff included?

Did the "controversy" pertain only to Donna Morrison's claim against the parents, which is the only claim adverted to in the complaint?

Are claims by and against Donaldson included?

A declaratory judgment, like any other judgment between opposing parties, except for its lack of a coercive element, must be supported by the pleadings, be responsive to the issues and must contain a positive command or declaration. 26 C.J.S. Declaratory Judgments § 158. Whether such action is decided for or against the plaintiff, there should be a declaration in the judgment defining the rights of the parties under the issues made. Caffroy v. Fremlin, 198 Cal.App.2d 176, 17 Cal.Rptr. 668 (1962); American Enterprise, Inc. v. Van Winkle, 39 Cal.2d 210, 246 P.2d 935 (1952); Strype v. Lewis, 352 Mo. 1004, 180 S.W.2d 688, 690, 155 A.L.R. 99 (1944). Where, as here, there was a controversy as to the coverage of the insurance policy, the judgment should have positively declared what was adjudicated in favor of appellee. See Kroff v. Kroff, 127 Cal.App. 2d 404, 274 P.2d 45 (1954).

The word "judgment" means the judicial act which *clearly* fixes the rights and liabilities of the respective parties to litigation and *determines* the controversy between them. State v. Birmingham, 96 Ariz. 109, 112, 392 P.2d 775 (1964). The purported judgment rendered below does not comport with these requirements—it does not *determine* the controversy. We, therefore, conclude that this "judgment" is not a judgment.

Since this appeal is premature for the reasons herein expressed, it is hereby dismissed. However, as this Court has indicated previously in Rail N Ranch Corporation v. State, supra, and City of Tucson v. Wondergem, 4 Ariz.App. 291, 419 P.2d 552, 553 (1966), if the parties timely perfect an appeal from a final judgment, and so stipulate, we will consider the briefs and records filed in this appeal in our determination of the subsequent appeal.

HATHAWAY, C. J., and MOLLOY, J., concur.