HASSAN ET AL. *v.* MOORHEAD ET AL.

(No. 762—Decided December 1, 1971.)

*Mr. Kelsey D. Bartlett*, for appellants.
*Mr. Richard J. Rinebolt*, prosecuting attorney, and *Mr. Garver Oxley*, for appellees.

*Per Curiam.* Appellants, plaintiffs in the trial court, have filed two notices of appeal, one on July 6, 1971, from

a "judgment herein entered on June 14, 1971," and the other on July 12, 1971, from a "judgment herein entered on June 21, 1971."

The "judgment" entered on June 14, 1971, is an order overruling plaintiffs' motion to strike defendant's motion for summary judgment from the file or, in the alternative, to take testimony. That order is an interlocutory order, is not a final appealable order, and is not reviewable in the absence of a final appealable order.

The "judgment" entered on June 21, 1971, reads in its entirety as follows:

"This cause was submitted to the Court on Motions for Summary Judgment, and the affidavits filed therewith.

"Upon due consideration, the Court finds that the Motions for Summary Judgment should be, and they hereby are ordered sustained as to all defendants, to-wit: J. M. Moorhead; William R. Bell; R. J. Reed; and Wolverine Insurance Co."

The record discloses no other purported entry of judgment.

The order of June 21st constitutes no more a judgment than would a jury verdict or any other court finding, standing alone. It is merely a ruling that the defendants are entitled to judgment and is not a final appealable order. *Dowling* v. *Jensen*. 28 Ill. App. 2d 174, 171 N. E. 2d 107; *Connolly* v. *Great Basin Insurance Company*, 5 Ariz. App. 117, 423 P. 2d 732.

Neither the order of June 14th nor that of June 21st being appealable, the appeals purported to be perfected thereby must be dismissed.

*Appeals dismissed.*

YOUNGER, P. J., GUERNSEY and COLE, JJ., concur.