563 P.2d 307

**PROPERTIES INVESTMENT ENTERPRISES, LTD., a California Limited Partnership, Arthur Morgan, general partner thereof, and UNUM, Inc., a Texas Corporation, Appellants,**

v.

**FOUNDATION FOR AIRBORNE RELIEF, INC., a non-profit California Corporation, Appellee.**

**No. 2 CA–CIV 2150.**

Court of Appeals of Arizona, Division 2.

Jan. 31, 1977.

Lewis & Roca by John P. Frank, Andrew
S. Gordon and Richard W. Bowers, Phoenix,
for appellants.

Erik M. O'Dowd, Tucson, for appellee.

HATHAWAY, Judge.

This appeal is from a default judgment
against appellants entered in appellee's ac-
tion on a promissory note secured by a
chattel mortgage on an airplane. On ap-
peal, appellants challenge the validity of
the default judgment, the court's refusal to
set it aside, and the jurisdiction of the court
over appellants. We find that the judg-
ment was void for lack of personal jurisdic-
tion over appellants and therefore find it
unnecessary to decide the other questions
raised on appeal.

Appellee contends that the issue
of personal jurisdiction is not preserved on
appeal because of an alleged defect in ap-
pellants' notice of appeal. The notice stat-
ed that they were appealing from an order
entered December 16, 1975. Appellee ar-
gues that the issue of personal jurisdiction
had been determined in an order entered

**54**

December 10, 1975, and that the notice should also have referred to the December 10 order. The omission of the December 10 order from the notice of appeal was not an error. With certain exceptions, only final judgments are appealable, A.R.S. § 12–2101(B), and the December 10 order was not final, even though it was denominated "judgment." As this court has previously noted regarding a judgment, "Its name . . . does not determine its finality for purposes of appeal but rather its substance or effect." *Connolly v. Great Basin Insurance Co.*, 5 Ariz.App. 117, 120, 423 P.2d 732, 735 (1967). It is the rule that "A final judgment or decree decides and disposes of the cause on its merits, leaving no question open for judicial determination." *Decker v. City of Tucson*, 4 Ariz.App. 270, 419 P.2d 400 (1966). The December 10 order was not a final appealable judgment because the December 10 minute entry ordering its signature grants defendants' motion to reopen the matter of setting aside the default judgment and mandates the preparation of a further order in the case. This further order was signed on December 16th and embraces all matters raised on this appeal.

■ Having concluded that the issue of personal jurisdiction is properly raised on appeal, we must now determine whether the trial court had jurisdiction over appellants. Arizona's "long arm" provision contained in Rule 4(e)(2), Rules of Civil Procedure, permits personal service upon a defendant who "has caused an event to occur in this state *out of which the claim which is the subject of the complaint arose . .* " (Emphasis added) Appellee asserts that appellants have sufficient "minimum contacts" with this state so that it would not be unfair to subject them to the jurisdiction of our courts. This is the test set forth in *Phillips v. Anchor Hocking Glass Corp.*, 100 Ariz. 251, 413 P.2d 732 (1966). However, ". . . the 'fairness' test of Phillips does not come into play at all until the case has first been brought within Rule 4(e)(2) by

showing that the defendant . . . caused an event to occur here." *Lycoming Division of Avco Corporation v. Superior Court*, 22 Ariz.App. 150, 524 P.2d 1323 (1974).

Although appellants have conducted some activities in the State of Arizona, there has been no showing that the event out of which this claim arose occurred in Arizona. This event is appellants' "alienation" of collateral given to secure a debt. Appellee contends that appellants alienated the collateral in violation of a security agreement, thereby giving appellee a right to accelerate the balance due on the note. There have been no allegations and no evidence presented as to where this alleged alienation occurred. Appellants insist that the contract for sale of the collateral was not made in Arizona. Appellee has made no showing to controvert this.

■ In order to determine whether an event, namely alienation, upon which jurisdiction can be based, occurred in Arizona, we must inquire into the meaning of "alienation." It is not clear what was meant by the term "alienation" in the promissory note. It would not seem to refer merely to actions readying the airplane, the collateral, for flight out of Arizona. The term "alienation" is generally used to describe transfers of title to real estate. 3 C.J.S. Alienation p. 771; Black's Law Dictionary (4th Ed. 1968). Thus, although the collateral in the instant case is personal property, we must determine what was meant by the use of the word "alienation," by analogy to the law of real property. An alienation is a complete, voluntary transfer of title and is used generally "to imply a sale and not a mere offer to sell or a contract for sale . . ." C.J.S., supra, p. 772.

■ The testimony in this case indicates that there was no completed sale at the time the debt was accelerated. There was only a contract for sale with certain conditions precedent unfulfilled. According to the Uniform Commercial Code,[1] a passing

---

1. The chattel mortgage indicates the parties expressly intended the California Commercial Code to apply to disagreements between them.

of title can occur at the time a contract is made if certain prerequisites are met. Title can pass at the time of contracting if (1) there is no explicit agreement to the contrary, (2) delivery is to be made without moving the goods and (3) no documents of title are to be delivered. U.C.C. § 2–401(3)(b). Appellee made no showing, however, as to whether these prerequisites had been met. Furthermore, there was no showing that the contract has been made in Arizona. "When the existence of personal jurisdiction under the long arm statute is appropriately challenged . . . the party asserting jurisdiction has the burden of establishing it." *Houghton v. Piper Aircraft Corporation*, 112 Ariz. 365, 542 P.2d 24 (1975). Appellee has not met its burden of proof.

We order the default and default judgment set aside, the complaint dismissed for lack of personal jurisdiction and the Sheriff's Sale vacated.

Reversed.

HOWARD, C. J., and JACOBSON, J., concur.