NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

ARIZONA BILTMORE HOTEL VILLAS CONDOMINIUM
ASSOCIATION, an Arizona non-profit corporation,
*Plaintiff/Appellant*,


*v.*


ABR PROPERTY LLC, a Delaware limited liability company;
ARIZONA BILTMORE HOTEL MASTER ASSOCIATION,
an Arizona non-profit corporation,
*Defendants/Appellees*.

No. 1 CA-CV 14-0783
FILED 1-19-2016
_____

Appeal from the Superior Court in Maricopa County
No. CV2013-002406
The Honorable Colleen L. French, Judge Pro Tem
The Honorable Lori H. Bustamante, Judge

**AFFIRMED**

_____

COUNSEL

Cheifetz Iannitelli Marcolini, PC, Phoenix
By Steven W. Cheifetz, Jacob A. Kubert
*Counsel for Plaintiff/Appellant*

Snell & Wilmer, LLP, Phoenix
By Kevin J. Parker, Erica J. Stutman
    And
Fidelity National Law Group, Phoenix
By Patrick J. Davis, David M. LaSpaluto
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1        Appellant Arizona Biltmore Hotel Villas Condominium Association ("Villas") contests the trial court's declaratory judgment resolving a dispute over Villas owners' parking rights.  For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Villas is the homeowners' association for Villas Condominiums, a group of 78 condominium units located on the Arizona Biltmore Hotel property.  Appellee ABR Property LLC ("Owner") owns the Arizona Biltmore Hotel, and Appellee Arizona Biltmore Hotel Master Association is the master association for the entire Hotel property.[1]  Most condominium owners make their units available to Hotel guests for the majority of the year under a rental pool agreement.  The rental pool agreement authorizes Villas to designate 78 parking spaces in the parking lot nearest the units, while Master Association uses the remainder of the lot for the benefit of the Hotel and its guests.

¶3        This appeals stems from a declaratory relief action brought by Villas seeking a declaration of its rights to designate parking spaces for its owners' use.[2]  The relevant provision of the Villas Condominiums Covenants, Conditions and Restrictions (the "Villas CC&Rs") provides:

> Each [Villas] Unit shall have the right to the exclusive use of one parking space on Parcel 2, the location of which shall be determined and assigned by the Association. Such parking rights are appurtenant to each Owner's ownership of his Unit

---

[1]  Owner and Master Association take the same positions on appeal.  To avoid repetition, we refer to them collectively as "Master Association."

[2]  Villas also asserted unrelated claims against Salt River Project that are not at issue in this appeal.

and cannot be separated from such ownership... The Master Association shall have the full authority to operate, manage and use the unassigned parking spaces situated on Parcel 2 for the benefit of the users of the Hotel Property.

According to Villas, this provision granted each Villas owner exclusive rights to one parking space at all times regardless of whether the owner is in residence. Master Association instead contended that it granted exclusive rights only when the owner was in residence; if the owner was not in residence, the parking space became available to the Hotel and its guests.

¶4        Villas moved for summary judgment, which the trial court denied, stating that "[i]t is clear to the Court that a Villa owner does not exclusively control a space when the Owner or a hotel guest is not in residence." Master Association then moved for summary judgment. After oral argument on Master Association's motion, the first trial judge made the following findings in a minute entry (the "Minute Entry"):

The Court finds that when a unit is in the rental pool, the parking space assigned to that unit is under the control of the Hotel owner when it is not occupied by the owner as allowed in the rental pool agreement. To the extent the rental pool agreement allows invitees of the owner to occupy the unit, that invitee may use the designated space as if the invitee were the owner. When the unit is in use in the rental pool, the Hotel Owner is treated as the occupant of the unit. When a hotel guest occupies the unit, the guest has the exclusive use of the parking space assigned to that unit. When no guest occupies the unit, the Hotel Owner has control of the parking space because the hotel owner has the right to the control occupancy of the unit, just as the owner has the right to control the occupancy of the unit when the unit owner is a permanent resident.

That same day, the first trial judge signed Master Association's proposed form of judgment (the "Judgment") that read, in relevant part:

With respect to control of parking spaces designated by [Villas] for the Villas Owners pursuant to Section 4.1 of the Villas Declaration: when the Villa Owner is not in residence, and a rental pool hotel guest is not using the unit, the Hotel Owner may use such "unoccupied spaces" for hotel purposes,

including allowing visitors to the Hotel property to park in such "unoccupied spaces;" and the Villas Association shall not block such unoccupied spaces or tow vehicles from such "unoccupied spaces."

The first trial judge then rotated off the case.

**¶5**      Believing that the Judgment was "contrary to the Court's findings in its Minute Entry," Villas moved to alter or amend the Judgment under Arizona Rule of Civil Procedure ("Rule") 59(l). According to Villas, the Judgment omitted two of the Minute Entry's findings: (1) that rental pool guests occupying the unit had the "exclusive use of the parking space assigned to that unit," and (2) that "the permanent residents [i.e. Villas Owners who do not participate in the rental pool] are entitled to a reserved parking space at all times." The second trial judge denied Villas' motion.

**¶6**      Villas then moved for leave to file an amended complaint, alleging that the same inconsistencies between the Minute Entry and the Judgment left its declaratory relief claim unresolved. A third trial judge denied leave to amend, finding that Villas' claims "were previously pled and decided by [the first trial judge]." The third trial judge also spoke with the first trial judge and "confirmed that he intended to sign the Judgment that he signed."

**¶7**      The third trial judge entered a Rule 54(b) final judgment consistent with the terms of the Judgment and awarded Master Association its reasonable attorney fees and costs. Villas timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶8**      On appeal, Villas again contends that the Judgment conflicted with the Minute Entry. We therefore address the two motions Villas filed below seeking to remedy the alleged discrepancies.

## I. The Second Trial Judge Did Not Abuse Her Discretion in Denying Villas' Motion to Alter or Amend the Judgment.

**¶9**      We review the denial of a motion to alter or amend a judgment under Rule 59(l) for an abuse of discretion. *See Mullin v. Brown,* 210 Ariz. 545, 547, ¶ 2 (App. 2005); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 736 (9th Cir. 2001) (applying abuse of discretion standard to review of a denial of a motion to alter or amend under the federal

counterpart to Rule 59(l)); *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 548 n.8, ¶ 18 (App. 2008) ("It is appropriate to look to federal courts' interpretations of federal rules that mirror Arizona rules.").

**¶10**        As discussed above, Villas contends the Judgment omitted two Minute Entry findings:  (1) that rental pool guests occupying the unit had the "exclusive use of the parking space assigned to that unit," and (2) that "the permanent residents [i.e. Villas Owners who do not participate in the rental pool] are entitled to a reserved parking space at all times."  Villas is mistaken as to the first; the Judgment authorized Master Association to use the parking spaces at issue only "when the Villa Owner is not in residence, *and a rental pool hotel guest is not using the unit . . .*" (emphasis added).

**¶11**        As to the second, the Minute Entry states that "*the parties agree* that the permanent residents [i.e. Villas Owners who do not participate in the rental pool] are entitled to a reserved parking space at all times" (emphasis added).  Under Arizona's Declaratory Judgments Act, A.R.S. § 12-1831 *et seq.*, a justiciable controversy exists only if there is "an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party."  *Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 45, ¶ 10 (App. 2000) (quoting *Samaritan Health Servs. v. City of Glendale*, 148 Ariz. 394, 395 (App. 1986)).  "[E]ven though the act is remedial and is to be liberally construed, it is well settled that a declaratory judgment must be based on an actual controversy which must be real and not theoretical."  *Planned Parenthood Ctr. of Tucson, Inc. v. Marks*, 17 Ariz. App. 308, 310 (1972).

**¶12**        There is nothing in the record evincing any actual controversy regarding permanent residents' parking rights.  To the contrary, the first trial judge noted in his ruling denying Villas' motion for summary judgment that "[a]ll parties agree that Villa owners have exclusive use of the parking space when in residence."  Villas then conceded during oral argument on Master Association's subsequent motion for summary judgment that permanent residents' parking rights were not in dispute:

> THE COURT:        So, let me summarize the issue a little bit here.  The real issue is, can the Hotel use the assigned villa space when the villa is not in use?
>
> MR. CHEIFETZ:     Yes, your Honor.
>
> THE COURT:        And when I say "in use," if the person is not in the rental pool we assume it's in use full-time?

> MR. CHEIFETZ:   Yes, yes, your honor.   I think that's narrowing the issue.   And then you get into the issues which we have expressed concern.

Master Association also acknowledged that "[i]f the Owner is not in the Rental Pool, they are considered in residence full time and the sign for their parking space remains in place at all times."

**¶13**        Despite these concessions, Villas contends that "[j]ust because motion practice, arguments and multiple hearings caused the parties to ultimately 'agree' that permanent residents were entitled to exclusive parking rights does not mean that there was never a controversy regarding those rights in the first place . . . ."   None of the parties' motion practice directly addressed permanent residents' parking rights, nor were these rights disputed at any hearing.   Indeed, Villas points to nothing in the record showing that the parties disagreed as to permanent residents' parking rights at any time.   The first trial judge thus was not obligated to specifically declare permanent resident parking rights in the judgment.[3] *See Riley v. Cochise Cty.*, 10 Ariz. App. 55 (1969) ("The requirement of adversary proceedings is equally applicable to a declaratory judgment action.").

**¶14**        Villas also contends Master Association acknowledged that there was an actual controversy when it denied "that the Villas . . . has the right to assign to each unit owner a space which will be subject to their exclusive use regardless of whether that unit owner is then occupying the premises or not" in its first amended answer.   This admission does not establish a specific dispute as to permanent residents' parking rights because permanent residents, as the term implies, are "occupying the premises" at all times.

---

[3]  Villas argues in its reply brief that the Judgment contained other issues the parties "agreed to . . . during the course of the litigation," including (1) that the Villas is permitted to designate its parking spaces in the north half of the lot, (2) that Master Association and Villas CC&Rs apply to the north half of the lot, and (3) that Master Association is the party responsible for managing the north half of the lot.   The key distinction, as the Judgment points out, is that these issues were disputed and agreed upon during the litigation.   This presumably is why both Villas and Master Association chose to include all three of these issues in their proposed forms of judgment.

**¶15** Villas also relies on *Connolly v. Great Basin Insurance Company*, where we held that an order stating that "the plaintiffs take nothing by their complaint" was not specific enough to constitute a declaratory judgment. 5 Ariz. App. 117, 120–21 (1967). *Connolly* does not apply here for two reasons. First, the Judgment was not a "take nothing" judgment; it stated specific findings and rulings. Second, the main issue in *Connolly* was whether the trial court's "take nothing" order constituted a final, appealable judgment. *Id.* Villas does not contend that the final judgment entered in this case was not appealable.

**¶16** For these reasons, we find that the second trial judge did not abuse her discretion in denying Villas' motion to alter or amend the Judgment.[4] For the same reasons, we reject Villas' companion argument, also based on *Connolly*, that the first trial judge erred by not declaring the rights of all involved parties in the Judgment.

## II. The Third Trial Judge Did Not Abuse Her Discretion in Denying Leave to Amend.

**¶17** We review the denial of a motion to amend the complaint for an abuse of discretion. *Timmons v. Ross Dress For Less, Inc.*, 234 Ariz. 569, 572, ¶ 17 (App. 2014). Leave to amend should be liberally granted, *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996), but is properly denied in cases of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party, *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015). We presume the facts alleged in the proposed amended complaint are true. *Alosi v. Hewitt*, 229 Ariz. 449, 452, ¶ 13 (App. 2012). We will affirm the trial court's ruling if it is correct for any reason. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013).

---

[4] Villas also contends the second trial judge improperly found the motion to alter or amend was a horizontal appeal, citing the judge's comment at the close of oral argument that "if this issue was already put before [the first trial judge], I think my hands are tied . . . ." The second trial judge's order did not mention the horizontal appeal doctrine. Nonetheless, even if we assume the second trial judge relied on this doctrine, we need not reach this issue in light of our findings above. *See Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, 277, ¶ 12 (App. 2007) (Court of Appeals can affirm the trial court's ruling if it is correct for any reason).

**¶18**      Villas contends the third trial judge abused her discretion in finding the motion to amend to be an improper horizontal appeal. A horizontal appeal occurs when a subsequent trial judge reconsiders an earlier trial judge's decision in the same matter when no new circumstances have arisen and no other reason justifies reconsideration. *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278–79 (App. 1993). If no new circumstances have arisen and no other reason justifies reconsideration, the court has discretion to deny a litigant's motion if it acts as an attempt at a horizontal appeal.

**¶19**      Villas did not present any new circumstances or evidence that would have justified resuscitating its declaratory relief claim. Villas' proposed amended complaint instead repeated verbatim the factual allegations from its previous complaint, adding only a brief discussion of the alleged discrepancies between the Minute Entry and the Judgment discussed above. Indeed, Villas' counsel conceded during oral argument that the proposed amended complaint sought "the same relief we've always sought, which is basically to establish a right to exclusive parking."

**¶20**      Villas also complains that the third trial judge consulted with the first trial judge to confirm "that he intended to sign the judgment that he signed." Villas cites no authority to suggest this consultation was improper, particularly in light of Villas' unsupported allegation that the first trial judge mistakenly signed Master Association's proposed form of judgment because he was about to rotate off the case and go on vacation.

**¶21**      Villas also contends the horizontal appeal doctrine "does not appear to apply to judges who are administratively rotated onto a pending case." The cases Villas cites do not support this contention. For example, in *Zimmerman v. Shakman*, we did not address whether the horizontal appeal doctrine did not apply because of a judicial rotation; we instead found a second trial judge was not barred from reconsidering a previously granted motion *in limine* after trial had been vacated. 204 Ariz. 231, 236, ¶¶ 15–18 (App. 2003). In *Rogone v. Correia*, we found that a second trial judge's consideration of a Rule 60(c) motion to set aside a judgment did not raise any jurisdictional concerns; we did not address whether the horizontal appeal doctrine does not apply following a judicial rotation. 236 Ariz. 43, 48, ¶¶ 9–11 (App. 2014).

**¶22**      In summary, Villas' proposed amended complaint sought to re-litigate not only the Judgment but the motion to alter or amend that the second trial judge had denied. The third trial judge did not abuse her discretion in denying leave to amend.

### III. Owner and Master Association Are Entitled to Recover Reasonable Attorney Fees and Costs on Appeal.

**¶23** Owner and Master Association request attorney fees under A.R.S. § 12-341.01(A), which authorizes an award of reasonable fees to the prevailing party in a matter arising out of contract. The parties agree that this appeal arose out of the applicable CC&Rs, which constitute contracts between the parties. *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007). Because Owner and Master Association are the prevailing parties on appeal, we will award them a reasonable amount of attorney fees and their taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶24** For the reasons set forth above, we affirm the denials of Villas' motion to alter or amend the Judgment and motion for leave to amend its complaint. We also award Owner and Master Association their reasonable attorney fees and taxable costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama