NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. ARIZONA
DEPARTMENT OF ECONOMIC SECURITY
(DENISE RENE BUTKIVICH),
*Petitioners/Appellees*,

*v.*

PAUL MICHAEL CONTRERAS,
*Respondent/Appellant*.

No. 1 CA-CV 15-0361 FC
FILED 4-28-2016

Appeal from the Superior Court in Maricopa County
No. FC2007-052520
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee ADES*

Denise Rene Butkivich
*Petitioner/Appellee*

Paul Michael Contreras, Temple City, CA
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco joined.  Judge Kenton D. Jones dissented.

---

**J O H N S E N**, Judge:

**¶1**　　　　The court has reviewed the record pursuant to its duty to determine whether it has jurisdiction over this appeal.  *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997).

**¶2**　　　　The superior court entered an order on April 7, 2015, dismissing **without prejudice** Appellant's Petition to Modify Child Parenting Time or Parenting Time and Child Support.  Because the dismissal was without prejudice, the dismissal order was not final, and Appellant was free to re-file his petition.

**¶3**　　　　Pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016), an appeal may be taken from a "final judgment."  *See also Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991) ("The general rule is that an appeal lies only from a final judgment.").  A "final judgment" is one that "decides and disposes of the cause on its merits, leaving no question open for judicial determination."  *Props. Inv. Enters., Ltd. v. Found. for Airborne Relief, Inc.*, 115 Ariz. 52, 54 (App. 1977).  An appeal from a dismissal without prejudice does not constitute a final appealable judgment under § 12-2101(A)(1).  *L.B. Nelson Corp. of Tucson v. W. Am. Fin. Corp.*, 150 Ariz. 211, 217 (App. 1986).  Accordingly, the April 7 order was not appealable pursuant to § 12-2101(A)(1).

**¶4**　　　　The dissent concludes we have jurisdiction because the April 7 order is a special order made after final judgment.  Although A.R.S. § 12-2101(A)(2) allows a party to appeal from a special order made after final judgment, to qualify as an appealable order under that statute, such an order must "dispose[] of or settle[] ultimate rights."  *Williams v. Williams*, 228 Ariz. 160, 164, ¶ 11 (App. 2011) (quoting *State v. Birmingham,* 96 Ariz. 109, 111 (1964)); *see also In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3 (App. 2000).  The April 7 order did not dispose of or settle Appellant's ultimate rights because it did not decide any of the issues raised in Appellant's petition.  The dissent notes that if Appellant were to refile his petition to modify parenting time and/or child support, and the court were to grant

the petition, the effective date would be later than had the court granted Appellant's original petition. But that is not a consequence of the April 7 order; it is a consequence of the applicable statute, A.R.S. § 25-327(A) (2016).

¶5         The dissent also suggests we should treat the appeal as a petition for special action and exercise our discretion to accept jurisdiction. The issue in the appeal is whether the superior court erred by dismissing Appellant's petition to modify child support without prejudice when he did not appear at the hearing the court set on his petition. In an order dated March 24, 2015, the superior court set a hearing on Appellant's petition for 1 p.m. on April 7, 2015. Appellant argues he received notice of the hearing on April 2. Appellant suggests he was entitled to more advance notice of the hearing but cites no authority in support of that contention. In any event, Appellant concedes he knew the date of the hearing; he asserts he arrived at the courtroom shortly after 2:02 p.m., after the hearing concluded. The record contains no explanation he offered to the superior court for his failure to appear on time, nor does he offer any such explanation on appeal. Under the circumstances, we decline to treat his appeal as a petition for special action.

¶6         The appeal is dismissed for lack of jurisdiction.

J O N E S, Judge, dissenting:

¶7         The majority's reliance upon the trial court's designation of the dismissal as "without prejudice" is problematic. A party to a domestic matter is entitled to seek modification of child support whenever he is capable of illustrating a substantial and continuing change of circumstances. *See* A.R.S. § 25-327(A) (stating "the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing except as to any amount that may have accrued as an arrearage before the date of notice of the motion . . . ."); Ariz. R. Fam. L.P. 91(B) (requiring a petition for modification of maintenance or support to "set forth the substantial and continuing changes in circumstances supporting a modification"). The change in circumstances is proven by a comparison to the circumstances existing at the time of the original award. *See MacMillan v. Schwartz*, 226 Ariz. 584, 588, ¶ 12 (App. 2011) (quoting *Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983)). Regardless of whether a petition to modify is dismissed with or without prejudice, nothing within the applicable rules or existing case law suggests a party is thereafter precluded from re-petitioning the court for modification, even if the petition is based upon the same grounds as the previously dismissed petition, once additional proof

is obtained. For example, a parent who seeks a reduction in his child support obligation immediately upon termination of his employment may be unable to prove the change is both substantial and continuing. But, the mere passage of time may bolster support for his claim, and denial of the first request, even if designated as having been dismissed "with prejudice," does not prohibit him from later pursuing a reduction, again based upon his loss of employment. Thus, dismissal with or without prejudice has little, if any, practical effect in the context of a post-judgment child support modification proceeding.

¶8        Nonetheless, even assuming the "without prejudice" designation carries some meaning in a domestic context, total finality is not universally required for this Court to assume jurisdiction. *Compare* A.R.S. § 12-2101(A)(1), (4) (permitting an appeal from "a final judgment" and "a final order"), *with* A.R.S. § 12-2101(A)(2), (3), (5) (permitting an appeal from "any special order," "any order," and "an order"); *see also Williams v. Williams*, 228 Ariz. 160, 166, ¶ 21 (App. 2011) (agreeing "with prior cases that have articulated the standard for appealability of post-judgment orders and have correctly declined to graft a requirement of total finality" onto A.R.S. § 12-2101(A)(2)). While I agree the April 7 order dismissing the motion for modification of child support is not a "final judgment" and therefore not appealable under A.R.S. § 12-2101(A)(1), under the circumstances presented here, I would find the April 7 order is a "special order made after final judgment" appealable under A.R.S. § 12-2101(A)(2).

¶9        There is no dispute that the April 7 order arose after final judgment. The record reflects final orders regarding paternity, custody, parenting time, and child support were entered in 2008. We must therefore determine whether the order is "special" within the meaning of A.R.S. § 12-2101(A)(2).

¶10        To be appealable under A.R.S. § 12-2101(A)(2), the post-judgment order must "involve[] an issue distinct from the underlying judgment and immediately affect[] a party's rights."[1] *Williams*, 228 Ariz. at

---

[1]        The majority cites *Williams* for the proposition that, to qualify as an appealable order "the order must 'dispose[] of or settle[] ultimate rights.'" *See supra* ¶ 4. As used within *Williams*, and its cited authority, the statement refers to appealable orders, generally. *See Williams*, 228 Ariz. at ¶ 11; *State v. Birmingham*, 96 Ariz. 109, 111 (1964). *Williams* clarifies in the next sentence that "[t]o be appealable [as a special order made after final judgment], a post-judgment order must . . . raise different issues than would

166, ¶¶ 20-21 (citing *Arvizu v. Fernandez*, 183 Ariz. 224, 226-27 (1995); *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 19 (App. 2009); and *In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3 (App. 2000)).  Therefore, we first look to the facts and procedural history underlying the order to determine whether it is appealable.

**¶11**        In November 2011, Paul Contreras (Father) filed the relevant petition to modify parenting time and decrease his monthly child support obligation from $439 to $294.  After an evidentiary hearing in April 2012, the trial court resolved the parenting time request, but transferred the child support modification to the Title IV-D court for a hearing.  In March 2014, before the Title IV-D court had addressed Father's modification request, Denise Butkivich sought and obtained a judgment for child support arrears for the period of November 2008 through February 2014.  Father appealed, and this Court vacated the judgment, holding Father's 2011 petition to modify must be resolved before an enforcement judgment for arrears is proper because "if Father's modification petition is granted in whole or in part, it may affect his child support obligation retroactive to December 1, 2011." *Butkivich v. Contreras*, 1CA-CV 14-0350, at *3, ¶ 5 (Ariz. App. Jan. 15, 2015) (mem. decision) (citing A.R.S. § 25-327(A)).

**¶12**        A hearing on Father's November 2011 petition to modify child support was ultimately scheduled for April 2015; Father did not appear.  After taking testimony and evidence, the trial court dismissed the petition "without prejudice."  Father filed a timely notice of appeal seeking to challenge the sufficiency of the notice of hearing.

**¶13**        The issue presented by Father on appeal — the sufficiency of service — is distinct from any that could have been brought from the original 2008 child support order.  *See Arvizu*, 183 Ariz. at 226-27 (noting "the issues raised by the appeal from the [special order after final judgment] must be different from those that would arise from an appeal from the underlying judgment") (citing *Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 136 (1962), and *Lakin v. Watkins Assoc. Indus.*, 863 P.2d 179, 183 (Cal. 1993)).  And, the order here, even when made "without prejudice," had an immediate, substantial, and negative effect on Father.

---

be raised in an appeal from the underlying decree, and . . . the order must affect the judgment or relate to its enforcement." *Williams*, 228 Ariz. at ¶ 11 (citing *Arvizu*, 183 Ariz. at 226-27).  This two-part standard, specific to appeals brought under A.R.S. § 12-2101(A)(2), is reiterated in Part II of *Williams*, and is the standard which applies here.  *See id.* at 165, ¶ 20.

¶14        Pursuant to A.R.S. § 25-327(A):

> Modifications and terminations are effective on the first day
> of the month following notice of the petition for modification
> or termination unless the court, for good cause shown, orders
> the change to become effective at a different date but not
> earlier than the date of filing the petition for modification or
> termination.

Under this provision, a party may receive a modification effective on or
around the date of filing regardless of the time it takes for his modification
request to be heard and decided by the trial court.

¶15        In some cases, the effect of a dismissal of a petition for
modification of child support is *de minimis*.  Here, despite waiting three and
a half years and purportedly having failed to receive proper notice of the
hearing, Father's petition was dismissed.  Although Father retains the
ability to refile his request, *see supra* ¶ 7, his ability to obtain a reduction in
his child support obligation effective December 2011 has vanished,
depriving Father the opportunity to obtain an offset of more than $7,000 in
arrearages that have accrued since he filed his petition in November 2011.
This is a very real, immediate, and negative effect on Father's rights.  *Cf.*
*Williams*, 228 Ariz. at 165, ¶ 19 (concluding an order modifying a party's
spousal maintenance obligation "had an immediate effect on the judgment
without the need for any further proceeding" where he was immediately
compelled to pay a substantial sum of spousal maintenance for the next two
years); *Arvizu*, 183 Ariz. at 227 (concluding an order requiring paternity
testing did not have an immediate effect on the parent's child support
obligation).  I disagree with the majority's assertion that the mechanism of
the loss — via application of A.R.S. § 25-327(A) versus a specific order of
the trial court — is material.  When a complaint is dismissed after the statute
of limitations has run, the plaintiff is barred from asserting his claim.
Whether this effect technically results from the order of dismissal or the
application of the statute is purely semantic.

¶16        Under these circumstances, A.R.S. § 12-2101(A)(2) confers
jurisdiction over a non-final order in a post-judgment child support
modification proceeding.  Alternatively, given the substantial negative
effect of the order upon Father, Father's assertion he was deprived of
proper notice of the hearing, and the absence of a remedy on appeal under
the majority's analysis, I would treat Father's brief as a petition for special
action review and accept jurisdiction.  *See Arvizu*, 183 Ariz. at 227
(exercising discretion to treat appeal from a non-appealable order as a

petition for special action and accepting special action jurisdiction where petitioner had no "equally plain, speedy and adequate remedy by appeal") (citing Ariz. R.P. Spec. Act. 1(a), and *Brown v. State*, 117 Ariz. 476, 477-78 (1978)). I do not express an opinion as to the merits of Father's claim that he did not receive proper notice of the hearing, but Father should have the opportunity to have the matter heard on appeal. Accordingly, I respectfully dissent.



Ruth A. Willingham · Clerk of the Court
FILED: ama