## MOLTER v. MADDEN.
### No. 2772.

Court of Civil Appeals of Texas.
Tenth District. Waco.
Jan. 15, 1948.

S. Engelking, of Comfort, for appellant.

Karl Strieber, of San Antonio, for appellee.

LESTER, Chief Justice.

This is an appeal from a judgment rendered in the County Court at Law No. 2

of Bexar County, Texas. The parties will be referred to as they appeared in the trial court.

The plaintiff first sued the defendant in one of the justice courts of said county for damages sustained to his automobile. The plaintiff alleged that such damage was proximately caused by the negligence of the defendant in driving his truck into and against the rear of plaintiff's automobile. Plaintiff secured a judgment in his favor in the justice court and the defendant appealed to the county court, where the plaintiff again recovered a judgment in his favor in the sum of $150.

The plaintiff alleged that he was driving in a southerly direction on North Flores Street in the city of San Antonio, Texas; that he had stopped his car between Travis and Houston Streets on account of the traffic light situated at said intersection being red at that time, and while so stopped, the defendant negligently ran his truck into and against the rear of his car, thereby damaging the same. The defendant's contention was that a third car which was behind his truck ran against the rear of his truck, thereby knocking his truck against the plaintiff's car.

Upon trial of the case in the County Court the cause was submitted to the jury upon special issues. The jury found that the defendant was negligent in the following respects: that he failed to keep a proper lookout; that he failed to have his car under proper control, and that he failed to apply his brakes. The jury also found that each of such acts was negligence on the part of the defendant and that such negligence was a proximate cause of the damages sustained by the plaintiff. The jury further found that a third person behind the defendant did not propel his car against the defendant's truck.

The defendant contends that the evidence is insufficient to support the verdict of the jury. Except for the plaintiff and defendant, there were only two witnesses who testified in the case. A witness who operated a bar and cafe on North Flores Street testified that he saw the third car bump into appellant's truck, which caused the truck to collide with the rear of plaintiff's automobile. He further testified that the defendant's truck had not come to a stop but was still in motion at the time the other car struck the same. A traffic officer was, at the time, on duty 15 or 20 feet from the place of the collision but he did not see the truck collide with plaintiff's car, but upon hearing the noise of the collision he immediately went to the scene. He testified that no car bumped into the defendant's truck; that the car which defendant's witness testified about had not reached the scene of the accident at the time the defendant's truck collided with the plaintiff's car, but it arrived later, and he directed said car around the truck and automobile in question. The evidence shows that it was a bright, clear day and there were no obstructions to prevent the defendant from seeing the plaintiff's car which had come to a stop when hit by the truck. The defendant admitted that he did not apply his brakes on the occasion in question.

This happens to be a case in which there was conflicting evidence. Under such a situation and under our system of jurisprudence, the jurors were the absolute judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony. In the exercise of such prerogative they accepted as true the evidence introduced by the plaintiff and refused to believe that which the defendant produced, and having done so, the defendant is bound thereby. This principle has been stated and re-stated so many times that it does not require the citation of authorities.

Defendant's counsel says this case should be reversed because his client was absent during the argument as a result of the advice of the court. The record reveals that the evidence in the case was concluded about 4 o'clock in the afternoon and the court recessed until 10 o'clock the next morning. The only facts or evidence in the record pertaining to what was said between the court and the defendant is a statement placed in the record by the court at the request of counsel for the defendant, which was as follows:

"At the conclusion of the testimony in this case the defendant, after both counsel

986

and jury had left, when they were not present, asked the court if he had to be back or if it was necessary for him to be back since all testimony was closed. The court did not intend to nor did I think the man would understand that he was not to be here or should remain away. I thought he was just asking my permission not to be back the next day. I told him he did not have to come back. I did not tell him not to come back. The defendant did not return for the argument."

"Counsel for Defendant: You didn't ask him to consult his attorney about that?

"The Court: No, I did not. I just naturally supposed he would. I did not advise him."

It is also stipulated that counsel for the defendant, the next morning, permitted the court to proceed with the trial of the case knowing that his client was absent, without making any objection thereto and without requesting a postponement of the proceedings until he could obtain the presence of his client.

■ It is our opinion that counsel, in allowing the court to proceed with the case with the knowledge that his client was not present, and without requesting a postponement or making an objection but apparently acquiescing in the action of the court in continuing with the trial of the case, waived the error, if any. Vol. 3, Tex. Jur., pp. 1028, 1029.

■ The defendant attempted to set up misconduct on the part of the jury, but he did not allege any overt act upon the part of any juror that would reflect misconduct nor did he attempt to prove any overt act on the part of any of said jurors in this respect. In conformity with his allegation he offered the testimony of one juror who would have testified, if permitted by the court, that he and the other jurors thought the defendant's absence was due to lack of interest in his case, and so believing, they rendered a verdict against him. We think it is now the settled rule that to establish misconduct on the part of a juror, there must be more to base it upon than the mere undisclosed thoughts and impressions of the jurors, but some overt act upon the part of one or more of said

jurors of sufficient importance must be set up and proved before a verdict can be set aside upon this ground. Under the authority of the case of Bradley v. Texas & Pacific R. Co., Tex.Com.App., 1 S.W.2d 861, point 1, and the many authorities there cited and discussed, we overrule this proposition.

The judgment of the trial court is therefore affirmed.