369 P.2d 662

David **MAGEARY** and Kathleen H. Mageary, husband and wife, Appellants,

v.

Forrest T. **HOYT**, Appellee.

No. 7114.

Supreme Court of Arizona,

In Division.

March 7, 1962.

---

2. This information is reflected in the minutes of the directors' meetings which plaintiff offered in evidence.

Laurence Davis, Phoenix, for appellants.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

This is an appeal from a summary judgment rendered in favor of appellee, one of several defendants in the court below. Appellants, plaintiffs below, brought this action against the assignor of a leasehold which appellants had purchased, the realtors who handled the transaction, the realtors' bonding company, and appellee who, as appellants' attorney, drew up the assignment of the lease. The appellee moved for summary judgment for himself, which was granted, and from which appellants bring this appeal. The other defendants below are not parties to this appeal.

The appellants' action against appellee was based on a theory of constructive fraud arising from appellee's failure to inform the appellants of a discrepancy between the expiration date of the lease which was assigned, and the expiration date indicated in the contract for assignment. The appellants allege that because they were not informed of this discrepancy they failed to extend the lease prior to its expiration in accordance with its terms.

Before reaching the merits of this appeal we must consider the appellee's contention that the order from which this appeal was taken is not an appealable order. On February 5, 1960 the appellee's motion for summary judgment was granted and entered by the clerk without making a determination under 16 A.R.S.R.Civ.P. 54(b) that there was no just reason for delay in appeal. Such determination is a prerequisite for appeal where there are multiple claims and parties, Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). The appellants then moved for a determination as required by rule 54(b) and this motion was assigned to the judge of Division 2, rather than to the judge of Division 7 who had heard the summary judgment motion. The judge of Division 2 made and signed the determination on February 26, 1960

but instead of directing the entry of this order by the clerk, he then assigned the motion to the judge of Division 7. When the rule 54(b) determination motion came before the judge of Division 7 for hearing, he directed that the motion be stricken from the calendar since it had previously been determined by the Division 2 judge on February 26. At this point there had been no direction to the clerk to enter the rule 54(b) determination into the civil docket. The appellants thereafter, on April 15, 1960, secured a nunc pro tunc order from the Division 2 judge directing the entry of the February 26 determination into the civil docket, 16 A.R.S.R.Civ.P. 79 (a). It is from this order that the appeal was made. Before an interlocutory order of summary judgment on one of multiple claims is appealable the express determination and direction of entry required by rule 54(b) must be made. This determination and direction may be made at any time prior to the termination of the entire litigation. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). Republic of China v. American Express Co., 190 F.2d 334 (2d cir. 1951). The order of summary judgment became final and appealable when entered by the clerk in accordance with 16 A.R.S.R.Civ. P. 58(a) and 79(a).

The appellee argues, however, that the nunc pro tunc order directing the entry of judgment was invalid since a nunc pro tunc order cannot direct an entry as of an earlier date where no direction was given to enter the order at the time it should have been entered. This is undoubtedly correct under the rule of Black v. Industrial Commission, 83 Ariz. 121, 317 P.2d 553, 70 A.L.R.2d 1119 (1957), but while the order was ineffective as a nunc pro tunc order, it was an effective determination order under rule 54(b) as of April 15, 1960, the date the order was made. McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657 (1960). The notice of appeal was filed on April 18, 1960 and was timely.

We find no merit in the appellee's contention that the determination order should be held void because it was not signed by the judge who heard the summary judgment motion. Where the judge who makes an order is a duly elected, qualified and acting judge, and the court has jurisdiction over the persons and subject matter, procedural irregularities in assignment are not jurisdictional, Stewart v. Stevens, 90 Ariz. 103, 366 P.2d 84 (1961). Moreover, even though the case was not permanently assigned to the judge of Division 7 under the Supplemental Rules of the Superior Court of Maricopa County, the record amply shows that the judge of Division 7, who heard the summary judgment motion, considered and concurred in the determination order.

■ We come now to the merits of the appeal. In considering a motion for summary judgment the evidence is not weighed but the allegations of all pleadings, depositions and affidavits must be viewed in a light most favorable to the party opposing the summary judgment motion, Peterson v. Valley Nat'l Bank, 90 Ariz. 361, 368 P.2d 317 (1962); Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962); Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951).

The appellants allege by complaint and by deposition the following facts: In September, 1957, they entered into an agreement with the defendant assignors to buy an assignment of a restaurant lease. A salesman of the defendant realtors drew up the contract by filling in blanks on a form. This contract purported to assign the basic lease "for twenty months @ $75. per month and five years @ $100. per month." In fact the lease expired by its terms on March 3, 1959, (approximately 18 months after the contract date), but contained an option to renew for five years by giving notice at least thirty days prior to the expiration date. After this contract had been made appellant approached appellee who had previously represented him in legal matters, and whom he regarded as his "family lawyer" and asked if appellee would "handle the closing of the transaction." Appellee prepared an assignment of the lease and delivered it to appellant, but retained the original lease in his files.

The assignment did not indicate the term of the lease, and appellee never informed appellant of the discrepancy between the date of expiration in the original lease and the date of expiration as indicated in the contract of sale.

Appellants, believing they had until the end of nineteen months to exercise their option to renew, let the true option period expire, and were informed late in February 1959 by the landowner's agent that the option had expired. Thereafter appellants obtained the lease from appellee's files and read it for the first time. They tried to renew the lease in spite of the expiration but were unable to do so on terms equivalent to those contained in the original lease and option.

The appellee, in his pleading, denied that he was the appellants' family lawyer, or that he was employed to do anything more than prepare an assignment of the lease and to take such steps as were necessary to comply with the Bulk Sales Act. He also denied that the appellants had not read the lease prior to the time they were notified that the option had expired. Moreover, the appellee argues in his brief that there is no showing that he knew or should have known of the discrepancy, or that he had the duty to inform the appellants of the discrepancy. Furthermore, he argues that his failure to inform the appellants was not the proximate and efficient cause of the appellants' injury and damage. Cer-

**46**

tainly these arguments indicate that questions of fact exist.

■ The law concerning an attorney's duty to his client has been stated:

"[An attorney] is not answerable for an error of judgment in the conduct of a case or for every mistake which may occur in practice. He does, however, undertake in the practice of his profession of the law that he is possessed of that reasonable knowledge and skill ordinarily possessed by other members of his profession. He contracts to use the reasonable knowledge and skill in the transaction of business which lawyers of ordinary ability, and skill possess and exercise. On the one hand, he is not to be held accountable for the consequences of every act which may be held to be an error by a court. On the other hand, he is not immune from responsibility, if he fails to employ in the work he undertakes that reasonable knowledge and skill exercised by lawyers of ordinary ability and skill. The duties and liabilities between an attorney and his client are the same as those between a physician and his patient. Both the attorney and physician are required to exercise that reasonable knowledge and skill ordinarily possessed and exercised by others in their respective professions." McCullough v. Sullivan,

102 N.J.L. 381, 132 A. 102, 43 A.L.R. 928 (1926).

See also Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). The trier of fact must determine, under the facts and circumstances of this case, including the nature of the attorney's employment by his client, Watson v. Calvert Building & Loan Ass'n, 91 Md. 25, 45 A. 879 (1900), 7 C.J.S. Attorney and Client § 140, whether the attorney had a duty to inform himself of the nature and extent of an estate of property involved in the transaction which he handled for his client. Certainly an attorney owes a duty of utmost good faith to his client, Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962), and must inform his client of matters that might adversely affect his client's interests. This court has held that a dentist was liable for the failure to inform his patient of matters having an important bearing on the patient's health where the dentist knew or ought to have known of such matters, Morrison v. Action, 68 Ariz. 27, 198 P.2d 590 (1948). The liability of an attorney may be similarly established, McCullough v. Sullivan, supra.

■ Thus, it appears that the nature of the appellee's employment by the appellants, whether or not the appellee failed to exercise that reasonable skill and knowledge ordinarily possessed and exercised by attorneys in performing his duties toward the appellants, and whether or not any

failure in this regard was the proximate cause of the appellants' injury and damage are at least three factual issues that must be tried. Granting a motion for summary judgment was erroneous when factual issues exist, Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). Peterson v. Valley Nat'l Bank, 90 Ariz. 361, 368 P.2d 317 (1962).

The judgment is reversed and the case remanded for trial.

UDALL, V. C. J., and STRUCKMEYER, J., concur.