634 P.2d 570

The VALLEY NATIONAL BANK OF
ARIZONA, a national banking
association, Appellee,

v.

Louis MENEGHIN and Jeanette Mene-
ghin, husband and wife, Appellants.

Louis MENEGHIN and Jeanette Mene-
ghin, husband and wife, Appellants,

v.

The VALLEY NATIONAL BANK OF
ARIZONA, a national banking
association, Appellee.

No. 14683.

Supreme Court of Arizona,
In Division.

July 22, 1981.

Michael H. Lynn, Ltd. by Michael H. Lynn, Phoenix, Gary S. Engle, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This consolidated appeal by Louis and Jeanette Meneghin is from a judgment entered in favor of appellee, the Valley National Bank of Arizona, and, in a second case, from an order dismissing their complaint for wrongful levy.

Appellee Bank brought suit against appellants and others to recover on a revolving line of credit. (Superior Court Cause No. C–287632) Appellants, Illinois residents, retained Arizona counsel. Cross-claims were filed and trial was set for April 14, 1976. On February 2, 1976, the attorneys for appellants moved to withdraw, claiming an irreconcilable conflict with appellants. Counsel in this motion noted the trial date but stated without explanation that appellants would not be prejudiced by the withdrawal. Appellants were sent a copy of this motion. A hearing on the motion was scheduled for February 24, but was postponed to March 30 because the conflicts between counsel and appellants were apparently being resolved. On March 22, appellants' counsel filed a supplemental memorandum reaffirming their request to withdraw. Counsel cited as grounds for withdrawal appellants' failure to comply with agreements concerning fees and failure to follow counsel's recommendations concerning the case. Counsel additionally moved for a postponement of the trial. Appellants were sent a copy of this memorandum and were given notice of the hearing on the motion. On March 30, the trial

judge granted the motion to withdraw, but denied the motion to postpone. Appellants were sent a copy of the order authorizing withdrawal of counsel, denying the postponement, and confirming the trial date of April 14th.

On the day of trial, another lawyer appeared and on behalf of appellants orally moved for a postponement of the trial. The court denied the motion and this lawyer left, declining to participate further. The trial proceeded without appellants or any attorney representing them. Judgment was entered April 19, 1976 for the Bank and against all defendants, including appellants. The judgment did not, however, dispose of cross-claims between appellants and their co-defendants and did not contain a Rule 54(b) determination;[1] hence, the judgment was not a final judgment under the holding in *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961). On appellee's application, a Rule 54(b) determination of no just reason for delay in entering final judgment was made and entered *nunc pro tunc* on July 5, 1978.

Appellants do not question the propriety of the judgment *nunc pro tunc* in appealing the judgment entered in Maricopa County Superior Court Cause No. C–287632.[2] Rather, appellants urge that judgment should be vacated and the case reversed for three reasons: first, the trial judge abused his discretion in denying the motion for postponement made the day of trial; second, the trial judge erred in allowing appellants' counsel to withdraw; and, third, due process was violated when the motion to withdraw was granted and the motion to postpone was denied.

1. Rule 54(b), Rules of Civil Procedure, 16 A.R.S., provides:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction,

any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

2. Appellants did attempt to raise this issue by moving to file a supplemental brief. The motion was made almost one year after their reply brief was filed. The motion was denied.

■ As to the first issue, after a case has been set for trial, no postponement can be granted unless a written motion is made, supported by an affidavit showing sufficient cause. See Rules 7(b) and 42(c), Rules of Civil Procedure, 16 A.R.S.; Rules IV(a) and V(h), Uniform Rules of Practice of the Superior Court, 17A A.R.S. Rule 42(c) provides:

"When an action has been set for trial on a specified date by order of the court, no postponement of the trial shall be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law."

It is obvious that the principal purpose of Rule 42(c) is to ensure that lawsuits will be tried on the day set so that the trial court can make the most economical use of its time. The motion in this case, made the day of trial, was oral and was not supported by affidavit. The affidavit of appellant Louis Meneghin, made more than two years after the trial, is not a substitute for the requirement of Rule 42(c). The court below did not abuse its discretion in denying the motion for a postponement.

■ We think, however, the trial judge did err in granting the motion of appellants' counsel to withdraw.

Rule XII(c), Uniform Rules of Practice of the Superior Court of Arizona, 17A A.R.S., provides the procedure for the withdrawal of counsel. Subsection (3) of that rule provides:

"No attorney shall be permitted to withdraw as attorney of record after an action has been set for trial, unless there shall be endorsed upon the application therefor either the signature of an attorney stating that he is advised of the trial date and will be prepared for trial, or the signature of the client stating that he is advised of the trial date and has made suitable arrangements to be prepared for trial."

Since there was no signature of substitute counsel or of appellants stating they had made suitable arrangements to be prepared for trial, neither the original motion nor the supplemental memorandum met ·the requirements of this rule.

■ The Uniform Rules were promulgated by this Court under the authority granted by Article 6, § 5 of the Arizona Constitution. These rules have the force and effect of a statute. See *Preston v. Denkins*, 94 Ariz. 214, 382 P.2d 686 (1963). They were enacted primarily to benefit the judicial system by fostering efficient and expeditious, but prepared, litigation. See *Hackin v. First National Bank of Arizona, Phoenix*, 5 Ariz.App. 379, 427 P.2d 360 (1967): Hink, "Judicial Reform in Arizona", 6 Ariz.L.Rev. 13, 22 (1964). The rules are binding on the court, the parties, and their counsel.

■ While the requirements of the rules are binding, this does not mean that the failure to comply with them cannot be waived. Any irregularity in procedure may be waived if a party expressly or implicitly consents to it, as by acquiescing or failing to object to the procedure. *Public Finance Corporation v. Xarhakos*, 2 Conn.Cir. 469, 202 A.2d 255 (1964); *Molter v. Madden*, 207 S.W.2d 984 (Tex.Civ.App.1948). Here, appellants were sent copies of both the original motion to withdraw and the supplemental memorandum. They were also sent a copy of the notice of the hearing on the motion to withdraw. They made no objection to the withdrawal, nor did they object at the hearing itself. Instead, they retained an attorney to move for a trial postponement. Any error for failure to conform to Rule XII(c)(3) was waived.

■ Moreover, here again the Rules of Uniform Practice of the Superior Court were adopted principally so that a trial court can make the most economical use of its time. Since the rule is for the benefit of the court, it may be waived by the court in the interests of justice by permitting an attorney to .withdraw after an action has been set for trial.

■ Appellants complain that they had a constitutional right to be heard which was violated when their original counsel was allowed to withdraw and their oral motion for a postponement was denied. But appel-

lants are foreclosed when, after having full notice of the proceedings, they failed to participate either personally or by successor counsel. There is a voluntary and knowing waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Birdwell v. Hazelwood School District*, 491 F.2d 490, 494–495 (8th Cir. 1974).

Appellants have also appealed from an order entered in Cause No. C–394006 dismissing their complaint against the Valley National Bank for wrongful execution. In their complaint, appellants alleged that on August 24, 1977 in Illinois the Bank filed the judgment entered on April 19, 1976 in Cause No. C–287632, and subsequently caused execution to issue on the judgment against appellants' property. Appellants urge that the execution was wrongful because the judgment was not a final judgment, and they asked for damages to July 5, 1978 when a judgment *nunc pro tunc* was entered in Cause C–287632.

A "judgment" entered in an action which does not dispose of all claims or all parties and which does not contain a Rule 54(b) determination is not a final judgment and cannot support an execution. *Redding and Company v. Russwine Construction Corporation*, 417 F.2d 721 (D.C.Cir.1969). *Cf. Arizona Farm. P. Cr. Ass'n. v. Stewart T. & T. of Tucson*, 24 Ariz.App. 5, 535 P.2d 33 (1975) (such a judgment cannot support a judgment lien). The issue therefore is whether a judgment entered *nunc pro tunc* containing a Rule 54(b) determination retroactively makes the April 1976 judgment a final judgment. If so, appellants' complaint in Cause No. C–394006 fails to state a claim for relief.

 Appellants point to *Mageary v. Hoyt*, 91 Ariz. 41, 369 P.2d 662 (1962), urging that it stands for the proposition that a judgment *nunc pro tunc* has no retroactive

effect. There, the appellee, one of several defendants, was granted summary judgment. A final judgment was rendered on February 26, but the clerk of court was not directed to enter final judgment. On April 15, a judgment *nunc pro tunc* was rendered, directing the clerk of court to enter judgment as of February 26.[3] On appeal from the April 15 judgment *nunc pro tunc*, Hoyt, the appellee, argued that the April 15 judgment was not an appealable judgment and that the time for appeal ran from February 26. In rejecting this, we said:

> "The appellee argues, however, that the nunc pro tunc order directing the entry of judgment was invalid *since a nunc pro tunc order cannot direct an entry as of an earlier date where no direction was given to enter the order at the time it should have been entered.* This is undoubtedly correct under the rule of *Black v. Industrial Commission*, 83 Ariz. 121, 317 P.2d 553, 70 A.L.R.2d 1119 (1957), but while the order was ineffective as a nunc pro tunc order, it was an effective determination order under Rule 54(b) as of April 15, 1960, the date the order was made. (Citation omitted) The notice of appeal was filed on April 18, 1960, and was timely." *Mageary v. Hoyt*, supra at 44, 369 P.2d 662. (Emphasis added.)

To the extent *Mageary* holds that an appeal can be taken from a judgment *nunc pro tunc* and that the time for appeal runs from the entry of the judgment *nunc pro tunc*, it is correct. But any suggestion that a judgment *nunc pro tunc* has no retroactive effect is incorrect. See *Estate of Hash v. Henderson*, 109 Ariz. 174, 507 P.2d 99 (1973), overruling *Black v. Industrial Commission*, supra.

In Arizona, judgments can be both rendered and entered *nunc pro tunc*. See, e. g., *State v. Johnson*, 113 Ariz. 506, 557 P.2d

---

**3.** The distinction between the *rendition* of judgment and the *entry* of judgment is important since the entry starts the time for appeal running, *City of Tucson v. Wondergem*, 4 Ariz. App. 291, 419 P.2d 552 (1966), and allows execution. *Lamb v. Superior Court, etc.*, 127 Ariz. 400, 621 P.2d 906 (1980). The difference is also important in dealing with judgments *nunc pro*

*tunc*. See the dissent in *Black v. Industrial Commission*, 83 Ariz. 121, 128, 317 P.2d 553 (1957). The distinction is: the court *renders* judgment, usually orally, and the clerk of the court *enters* the judgment. *Id.* The language quoted from *Mageary*, infra, probably stems from a failure to distinguish between the two acts.

1063 (1976); *Feltman v. Coulter*, 111 Ariz. 295, 528 P.2d 821 (1974); *Estate of Hash v. Henderson, supra*; Rule 58(a), Rules of Civil Procedure, 16 A.R.S.; State Bar Committee Notes to the 1970 Amendment to Rule 58(a), Rules of Civil Procedure, 16 A.R.S. A judgment *nunc pro tunc* is by its very nature retroactive. See Freeman, *Judgments* § 139, page 263 (5th ed. 1925).

In *State v. Johnson*, supra, a criminal complaint against Johnson had been dismissed by an order which did not designate whether the dismissal was with or without prejudice. To avoid the effect of the Arizona Rule of Procedure providing that a dismissal was with prejudice unless otherwise ordered, the trial judge later ordered the entry of an order *nunc pro tunc* dismissing the complaint without prejudice. In the *nunc pro tunc* order, the trial judge noted he understood at the time of the dismissal that the charges were to be re-filed. He further noted that the phrase "without prejudice" was unintentionally omitted from the formal written order by the county attorney who drafted the order. This Court held that it was proper for the trial judge to issue the order *nunc pro tunc* to change retroactively the prior written order of dismissal to conform with the trial judge's intentions, i. e., the order the judge previously rendered.

While it is a general rule that a judgment *nunc pro tunc* cannot be entered unless such judgment has been in fact previously rendered, there are cases in which a judgment may be both rendered and entered *nunc pro tunc*, the exception to the general rule being that a judgment may be both rendered and entered *nunc pro tunc* where the delay was caused by the court itself. For example, in *Williams v. Wyrick*, 151 Tex. 40, 245 S.W.2d 961 (1952), the court quoted with approval from 4 McDonald, Texas Civil Practice, § 17.07:

" 'In general, where the delay in rendition after the case is fully ripe for judgment has resulted solely from the process of the law or the delay of the court, and not from any fault of the prevailing party, rendition of judgment nunc pro tunc is proper.' "

This rule has in effect been recognized in Arizona. In *State v. Johnson*, supra, we said:

"Nevertheless, it is clear that both the court and the prosecution intended that the dismissal be without prejudice. The prosecutor clearly intended to refile and the court understood this to be the case. An order nunc pro tunc to reflect the truth of the *intention* of the court at the time of the order of 25 March 1975 in case No. Cr–84638 was proper under these circumstances." 113 Ariz. at 509, 557 P.2d 1063. (Emphasis added.)

Appellants point out that the April 1976 judgment in Cause No. C–287632 was prepared by appellee's attorneys. They urge therefore that any delay was caused by appellee's counsel, who in drafting the judgment omitted Rule 54(b) language; hence, the judgment *nunc pro tunc* was not effective. However, the Superior Court judge who directed the entry of the judgment *nunc pro tunc* recited that "all matters pending except the Cross-claims had been disposed of and [he] intended to enter a Final Judgment in favor of the Plaintiff [appellee]." The court found, "The judgment approved, executed and entered on April 16, 1976 was intended to be a final judgment as between Plaintiffs [sic] and Defendants only." [4] Appellants' argument as to whether the judgment nunc pro tunc was erroneous should have been raised in Cause C–287632 on appeal. Only judgments rendered without subject matter or personal jurisdiction or those the court has no power to make in the particular case before it are subject to collateral attack. *Lamb v. Superior Court*, supra; Black, *Judgments* §§ 245, 258, 278 (2d ed. 1902).

Affirmed.

CAMERON and GORDON, JJ., concur.

---

4. The trial judge rendered judgment on April 16, 1976. The judgment was entered by the clerk of the court on April 19.