NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

CRYSTAL HILLMAN, *Petitioner/Appellee,*

*v.*

MICHAEL HILLMAN, *Respondent/Appellant.*

No. 1 CA-CV 20-0121 FC
FILED 5-4-2021

Appeal from the Superior Court in Maricopa County
No. FC2015-070217
The Honorable Lisa Ann VandenBerg, Judge

**VACATED AND REMANDED FOR RECONSIDERATION**

COUNSEL

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Counsel for Petitioner/Appellee*

Michael Hillman, Glendale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1          Michael Hillman appeals from a superior court order reinstating a qualified domestic relations order (QDRO) allocating his pension and from the denial of his motion to alter, amend, or vacate that order. Because the superior court needed a hearing to determine whether a dissolution agreement was merged into the dissolution decree or incorporated by reference, we vacate the superior court's previous orders and remand for reconsideration.

### FACTUAL AND PROCEDURAL HISTORY

¶2          Before the marriage, husband worked as a police officer, participating in the Public Safety Personnel Retirement System (PSPRS) pension. *See generally* A.R.S. §§ 38-841 to -863.01. Husband worked as an officer throughout the marriage and continues to do so. After his wife, Crystal Hillman, petitioned for dissolution, the parties went to mediation and entered a Rule 69 agreement on several issues. Relevant to this appeal, the agreement said:

> 6.          Pursuant to A.R.S. [§] 25-319(A), [husband] agrees to pay Spousal Maintenance to [wife] in the amount of $1,600.00 per month beginning the first day of the month after the marital residence is refinanced or sold . . . . The Spousal Maintenance award will be paid until the date of [husband's] retirement from the Phoenix Police Department and upon the start of pension payments to [wife] for her community interest in the [PSPRS]. This provision is non-modifiable for all purposes.

> 7.          The parties agree that the community portion of [husband's PSPRS] plan through the City of Phoenix will be divided by QDRO. The parties will equally share the fees for the preparation of the QDRO and will rely on their attorneys to agree to the selected QDRO attorney. [Wife] agrees that she

will not begin to receive her portion of the benefits due her from the Pension Plan until [husband's] actual retirement (which could be as soon as immediate or as long as the year 2032). Once [wife] begins to receive her pension benefit, her spousal maintenance will terminate.

¶3 In a separate order, the superior court said, "**IT IS ORDERED** adopting and incorporating herein by reference the parties' *Rule 69 Agreement*, which is attached to the parties' *Joint Notice of Partial Settlement and Request for Order Approving Rule 69 Agreement*, eFiled September 27, 2016." After a trial on the remaining issues, the superior court entered its decree. In addressing the agreement, the decree said:

> **IT IS ORDERED** adopting and incorporating by reference herein all other orders not otherwise specifically addressed herein, but are set forth in the parties' *Joint Notice of Partial Settlement and Request for Order Approving Rule 69 Agreement*, eFiled September 27, 2016 and adopted as a formal Order of the Court pursuant to its minute entry dated October 4, 2016, and filed on October 5, 2016.

¶4 The decree makes similar references on several issues, including joint legal decision-making, parenting time, child support, tax deductions, spousal maintenance, community property, and the marital residence. For example, the superior court ordered husband to pay monthly spousal maintenance of $1,600, noting "details of same are set forth in the parties' Rule 69 Agreement."

¶5 Several months after the decree, the parties met with a series of QDRO attorneys because disputes arose over spousal maintenance and wife's share of husband's deferred pension payments under *Koelsch v. Koelsch*, 148 Ariz. 176 (1986). Husband objected to the prepared QDROs, arguing they did not reflect the intent of the agreement or decree. The superior court did not appoint any QDRO attorney as a special master with the authority to take evidence and enter findings, and the superior court itself never held a hearing on the disputed issues. Indeed, the last QDRO attorney correctly observed he "[had] not been appointed to take evidence and try the case, or to enter findings and conclusions."

¶6 That last attorney, nonetheless, resolved disputed issues and concluded: (1) the agreement and decree provided for a spousal maintenance payment only and did not include a *Koelsch* payment; (2) the second attorney's QDRO formula was correct; (3) wife was entitled to share

in any future Deferred Retirement Option Plan (DROP) benefits; and (4) the QDRO should not contain an equitable adjustment for social security benefits. The superior court adopted the last QDRO attorney's recommendations over husband's objections and reinstated one of the previous QDROs.

¶7　　　　Husband moved to alter, amend, or vacate the superior court's ruling reinstating the previous QDRO. In an unsigned order, the superior court denied without comment husband's motion. After husband submitted a proposed form of order for the court's signature, the court issued a minute entry *nunc pro tunc* correcting the unsigned minute entry to include required certification language and a signature under Arizona Rule of Family Law Procedure 78(c). This appeal followed.

## JURISDICTION

¶8　　　　Wife argues this court lacks jurisdiction because husband's notice of appeal was untimely. We disagree.

¶9　　　　The superior court issued an unsigned minute entry on December 20, 2019, denying husband's time-extending motion to alter, amend, or vacate. The time to appeal did not start until the superior court issued the signed minute entry *nunc pro tunc* on January 29, 2020, in which it ruled on the time-extending motion. *See* ARCAP 9(e)(1); *see also Valley Nat'l Bank of Ariz. v. Meneghin*, 130 Ariz. 119, 123 (1981) ("[T]he time for appeal runs from the entry of the judgment nunc pro tunc . . . ."). Because husband filed the notice of appeal within thirty days of the superior court filing its signed minute entry, his appeal is timely. *See* ARCAP 9(a). Accordingly, this court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

## ANALYSIS

I.　　**The superior court must determine whether the agreement was merged into the decree or incorporated by reference before ruling on whether a hearing is needed on the underlying disputes.**

¶10　　　　Husband asked the superior court to resolve disputed factual and legal issues as soon as wife attempted to obtain a QDRO. The superior court acknowledged the issues and vacated a prepared QDRO as a result. The superior court appointed consecutive QDRO attorneys without either authorizing them to conduct a hearing or holding a hearing itself. At its core, this case is about those underlying disputed issues—the *Koelsch*

payments, spousal maintenance, and DROP benefits—in the context of the agreement and the decree.

¶11 On this record, we cannot resolve the underlying disputes husband raises on appeal. We are unable to determine whether the superior court intended to have the agreement merge with the decree as an order of the court or simply be incorporated by reference because the superior court's decree did not sufficiently track necessary statutory language. *See* A.R.S. § 25-317.D (providing the required findings, criteria, and language for the superior court to use when stating whether a separation agreement is merged into a degree or incorporated by reference); *Young v. Burkholder*, 142 Ariz. 415, 420 (App. 1984). We address this issue because its resolution on remand is necessary to determine if husband is entitled to the evidentiary hearing he requests. *See Buckholtz v. Buckholtz,* 246 Ariz. 126, 131, ¶ 17 (App. 2019) (court may address issues likely to arise on remand).

¶12 When an agreement merges into the decree, it "is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such." *LaPrade v. LaPrade,* 189 Ariz. 243, 247 (1997) (quoting *Glassford v. Glassford*, 76 Ariz. 220, 226 (1953)). If the superior court determines the agreement merged into the decree, the court shall interpret the orders under the appropriate standard for interpreting judgments. *See Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 11 (App. 2007). The superior court need not hold an evidentiary hearing to interpret its own order. *See id.*

¶13 But when a decree incorporates the agreement by reference, "the agreement retains its independent contractual status and is subject to the rights and limitations of contract law." *LaPrade*, 189 Ariz. at 247. Accordingly, if the superior court finds the agreement was merely incorporated by reference, the court must apply the standard rules for interpreting a contract, which may require an evidentiary hearing. *See Buckholtz,* 246 Ariz. at 129–30, ¶¶ 10–11.

¶14 Wife contends an evidentiary hearing on the underlying disputes is unnecessary because husband's position relies on parol evidence. Parol evidence is inadmissible to interpret the agreement because, she argues, it merged into the decree. *See In re Marriage of Zale,* 193 Ariz. 246, 249, ¶ 11 (1999) ("[A]pplying the parol evidence rule to a judgment would create a result contrary to the very rationale for a judgment."). Husband argues the agreement did not merge into the decree. Accordingly, the superior court must resolve this issue to determine

whether it must hold the evidentiary hearing husband requests on the underlying disputes.

¶15        Husband argues wife waived this argument by not raising it before the superior court. Though wife did not raise the issue before the superior court, we express no opinion regarding waiver because we are remanding for further proceedings.

¶16        In short, the superior court must resolve whether the agreement was merged into the decree or incorporated by reference because whether husband is entitled to a hearing on the disputed QDRO issues depends on the question's resolution. *See* A.R.S. § 25-317.D; *Young*, 142 Ariz. at 420. Once the superior court resolves the merger-or-incorporation issue, the superior court then can address the disputed issues as to the meaning of the spousal maintenance provision and the appropriate formula for dividing husband's pension under the relevant contract interpretation rules, conducting an evidentiary hearing if needed. This determination will define the correct formula for the QDRO. It also will resolve whether the spousal maintenance is in fact a *Koelsch* payment, whether wife is entitled to share in any future benefits under the DROP program, the extent of her share if any, whether husband is entitled to any credit for any prior payments to wife, and the QDRO attorney fees issue.

II.    **On remand, the superior court must determine whether husband waived his argument regarding an equitable adjustment for social security benefits.**

¶17        Husband argues the QDRO failed to include an equitable adjustment in the allocation of his pension benefits to account for wife's non-divisible social security benefits as required by *Kelly v. Kelly*, 198 Ariz. 307, 309, ¶¶ 9, 11 (2000). Wife contends husband waived this argument because he did not raise it at trial.

¶18        True, husband did not request the equitable social security adjustment at trial and first raised this issue when he objected to one of the QDROs. Because we remand, we express no opinion regarding waiver.

### ATTORNEY FEES ON APPEAL

¶19        Both parties request their attorney fees and costs on appeal. In our discretion, we decline to award attorney fees but grant husband—as the prevailing party—his costs upon compliance with ARCAP 21.

## CONCLUSION

**¶20** We vacate the superior court's prior orders reinstating the QDRO and denying husband's motion to amend, alter, or vacate. We remand the case for reconsideration and a proper adversarial hearing to resolve disputed issues if appropriate.



AMY M. WOOD • Clerk of the Court
FILED: AA