NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHRISTOPHER BRIMHALL, *Petitioner/Appellant*,

*v.*

JULIA BRIMHALL, *Respondent/Appellee*.

No. 1 CA-CV 25-0418 FC

FILED 04-03-2026

Appeal from the Superior Court in Navajo County
No. S0900DO202300383
The Honorable Melinda K. Hardy, Judge

**VACATED AND REMANDED**

COUNSEL

White Mountain Law Group, P.L.C, Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellant*

Crider Law Firm, PLLC, Mesa
By Brad J. Crider
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1 Christopher Brimhall ("Father") appeals the superior court's June 2, 2025 ruling enforcing the parties' Arizona Rule of Family Law Procedure ("Rule") 69 agreement as an order effective February 29, 2024. For the reasons set forth below, we vacate the superior court's ruling and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Julia Brimhall ("Mother") and Father have three minor children together. Father filed for divorce in November of 2023. In February 2024, the superior court entered the parties' consent decree and dissolved their marriage. The consent decree provided Father would have sole legal decision-making authority and sole physical custody for the parties' oldest child and that the parties would have joint legal decision-making authority and equal parenting time for their two younger children. On February 29, 2024, the parties entered into a Rule 69 agreement which further detailed the parties' parenting time arrangement for the two younger children. Neither party filed that agreement with the superior court.

¶3 In September 2024, six months after the consent decree, Mother filed a Petition to Modify Parenting Time and Division of DES Subsidy, asserting that the parties could not comply with the current order. Father responded by noting the existence of the parties' unfiled Rule 69 agreement and arguing for a different modification to parenting time. On October 22, 2024, Father filed the Rule 69 agreement with the superior court. Mother objected to the filing of the Rule 69 agreement and asked that the superior court take no action on it. Mother then filed an Amended Petition to Modify Parenting Time and Division of DES Subsidy ("amended petition") and a motion for temporary orders, which Father opposed.

¶4 On April 14, 2025, the superior court held a hearing on the Rule 69 agreement and the amended petition. After the hearing, the

superior court found that the parties entered into a valid Rule 69 agreement on February 29, 2024, and the agreement was in the children's best interests. After further discussion, the superior court stated that it retroactively accepted the agreement as of February 29, 2024, even though the agreement had not been filed at that time.

¶5        After the hearing, Mother filed a Second Amended Verified Petition to Modify Parenting Time, Division of DES Subsidy and for Enforcement of Payment Community Debts ("second amended petition"). Father responded, opposing the second amended petition. Father also moved to dismiss the second amended petition, arguing that A.R.S. § 25-411 prohibited the superior court from modifying parenting time less than a year after it approved the Rule 69 agreement at the April 14, 2025 hearing. In response, Mother argues that, per the court's order, the Rule 69 agreement was dated and accepted more than a year before the second amended petition.

¶6        The superior court held a hearing in May of 2025 to address these issues. At the hearing, Father requested the superior court issue a written final and appealable order on its acceptance of the Rule 69 agreement. Mother did not object. On June 2, 2025, the superior court issued an order accepting the Rule 69 agreement as an order of the court and adopting February 29, 2024 as the date of the order. Father timely appealed. This Court stayed the appeal because the superior court's order lacked proper Rule 78(c) language. The superior court filed an amended order with the correct Rule 78(c) language. We have jurisdiction under A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION[1]

¶7        We review the superior court's parenting-time orders for an abuse of discretion. *Ertl v. Ertl*, 252 Ariz. 308, 315, ¶ 25 (App. 2021). We review the interpretation of rules and statutes de novo. *Jacobs v. Jacobs*, 259

---

[1]        Mother's counsel was suspended from the practice of law effective January 1, 2026. On March 12, 2026, Mother filed a motion to continue the oral argument based on her attorney's unavailability, but filed the motion in the superior court. We received the motion on March 17, 2026, the day before the scheduled argument. That motion is denied as moot. At oral argument, Mother appeared in propria persona, presented her arguments, and answered the Court's questions. The Court commends her performance under less-than-ideal circumstances.

Ariz. 467, 470, ¶ 16 (App. 2025). We accept the factual findings of the superior court "unless clearly erroneous." *Id.*

**¶8** Father argues the superior court erred by adopting February 29, 2024, as the date it accepted the parties' Rule 69 agreement. We agree. The superior court's June 2, 2025 order recited its acceptance of the parties' Rule 69 agreement and directed the parties to exercise parenting time "in accordance with" that agreement. Accordingly, it is a judgment. *See* Ariz. R. Fam. L. P. 78(a)(1) ("'Judgment' as used in these rules is . . . a decision defining or modifying legal decision-making, parenting time, or child support."). Rule 78(g)(2) provides that "[a] judgment is not effective before entry . . . . A judgment, including a judgment in the form of a minute entry, is entered when the clerk files it." Ariz. R. Fam. L. P. 78(g)(2).

**¶9** There is no dispute that the parties' Rule 69 agreement was not filed with the superior court until October 22, 2024. Therefore, the Rule 69 agreement was not a decree when the parties agreed to it on February 29, 2024. *See* Ariz. R. Fam. L. P. 69(b) ("An agreement under this rule is not binding on the court until it is submitted to and approved by the court . . . ."); *Canty v. Canty*, 178 Ariz. 443, 447 (App. 1994). The superior court did not err by finding the parties entered a valid Rule 69 agreement on February 29, 2024. The superior court did not err by accepting and approving the Rule 69 agreement as contemplated by Rule 69(b) either. However, by ordering the parties to comply with the Rule 69 agreement retroactively to February 29, 2024, the superior court violated Rule 78(g)(2).[2] Accordingly, we vacate the superior court's order to the extent it acts as a retroactive judgment. On remand, the superior court may determine whether to enforce the parties' Rule 69 agreement prospectively. *See* Ariz. R. Fam. L. P. 69(b). We express no opinion on whether A.R.S. § 25-411(A) bars Mother's petitions to modify that she filed before the court's acceptance of the parties' Rule 69 agreement.

---

[2] While a court may issue a retroactive nunc pro tunc judgment to correct or record a previously rendered judgment under Rule 78(g)(2), the superior court did not, and could not, do that here. *See Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 260, ¶ 17 (2022) (observing that a court's power to enter judgment nunc pro tunc may not be used to "cause an order or judgment that was never in fact made to be placed on the record" (cleaned up)); *Valley Nat. Bank of Ariz. v. Meneghin*, 130 Ariz. 119, 124 (1981) (explaining that absent fault of the court, "a judgment nunc pro tunc cannot be entered unless such judgment has been in fact previously rendered").

**¶10** Mother requested attorney fees, but she cites no authority for her request, so it is denied. *See Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 12, ¶ 41 (App. 2018). We award Father costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶11** We vacate the superior court's acceptance of the parties' Rule 69 agreement insofar as it relates to parenting time before June 2, 2025, and remand for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR